NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| YOSMARI GARCIA-BUSTAMANTE; JUAN OSORIO-GARCIA, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 23-4057 <br><br> Agency Nos. <br> A220-585-520 <br> A220-585-521 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 6, 2024[**]
San Francisco, California

Before: BRESS and FORREST, Circuit Judges, and OHTA, District Judge.[***]

Yosmari Garcia-Bustamante and her minor child, natives and citizens of

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]  The Honorable Jinsook Ohta, United States District Judge for the Southern District of California, sitting by designation.

Honduras (collectively, Garcia-Bustamante), petition for review of a Board of Immigration Appeals (BIA) decision dismissing their appeal of an immigration judge (IJ) order denying Garcia-Bustamante's applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Garcia-Bustamante's son is a derivative applicant on her request for asylum.

We review the denials of asylum, withholding of removal, and CAT relief for substantial evidence. *Sharma v. Garland*, 9 F.4th 1052, 1060, 1066 (9th Cir. 2021). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). When the BIA, as here, references the IJ's decision, we consider both decisions. *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.     "To be eligible for asylum, a petitioner has the burden to demonstrate a likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Sharma*, 9 F.4th at 1059 (quoting 8 U.S.C. § 1101(a)(42)(A)). For withholding of removal, Garcia-Bustamante must show "that it is more likely than not" that she will be persecuted if returned to Honduras "because of" membership in a particular social group or other protected ground. *Barajas-Romero v. Lynch*, 846 F.3d 351, 357, 360 (9th Cir. 2017); *see* 8 U.S.C. § 1231(b)(3)(A).

Substantial evidence supports the agency's conclusion that Garcia-Bustamante did not experience past harm rising to the level of persecution. "'Persecution,' we have repeatedly held, 'is an extreme concept that means something considerably more than discrimination or harassment.'" *Sharma*, 9 F.4th at 1060 (quoting *Donchev v. Mukasey*, 553 F.3d 1206, 1213 (9th Cir. 2009)). Garcia-Bustamante did not experience physical violence in Honduras. *See id.* at 1061 (reasoning that in determining past persecution, "[t]he first, and often a significant consideration, is whether the petitioner was subject to 'significant physical violence'") (quoting *Nagoulko v. INS*, 333 F.3d 1012, 1016–17 (9th Cir. 2003)). Nor did she receive any direct threats. The killing of Garcia-Bustamante's husband's cousin Walter and the threats made to Walter's niece do not show that Garcia-Bustamante experienced past persecution. And while Garcia-Bustamante unfortunately experienced difficulties in Honduras due to her health conditions and generalized fear of violence, these circumstances do not demonstrate past persecution. *See id.* (noting that "not all negative treatment equates with persecution") (quoting *Lanza v. Ashcroft*, 389 F.3d 917, 934 (9th Cir. 2004)).

Absent a presumption of a well-founded fear based on past persecution, to obtain asylum Garcia-Bustamante must demonstrate that she "has a subjectively genuine and objectively reasonable fear of future persecution." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062 (9th Cir. 2017) (en banc) (internal

citation and quotation marks omitted). Substantial evidence supports the agency's determination that Garcia-Bustamante did not establish an objectively reasonable well-founded fear of future persecution. Garcia-Bustamante's close family members have remained in Honduras unharmed. *See Sharma*, 9 F.4th at 1066 ("The ongoing safety of family members in the petitioner's native country undermines a reasonable fear of future persecution."). The IJ further found insufficient evidence to conclude that Garcia-Bustamante would be singled out for future persecution. The country conditions reports on persons with disabilities in Honduras do not compel a contrary conclusion because they at best suggest discrimination on this basis, not persecution. Finally, Garcia-Bustamante does not challenge the IJ's finding that she did not demonstrate a pattern or practice of persecution toward any of Garcia-Bustamante's three proposed particular social groups, and, therefore, this issue is waived. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (explaining that issues not raised in opening brief are waived).

Because Garcia-Bustamante did not meet her lesser burden of establishing eligibility for asylum, her claim for withholding of removal also fails. *See Sharma*, 9 F.4th at 1066.

2.	Substantial evidence supports the agency's denial of CAT relief. To qualify for CAT relief, Garcia-Bustamante "must establish that, taking into account all possible sources of torture, [s]he is more likely than not to be tortured" if removed

to Honduras. *Velasquez-Samayoa v. Garland*, 49 F.4th 1149, 1156 (9th Cir. 2022) (internal citation and quotation marks omitted). Given the lack of past torture or physical harm, Garcia-Bustamante did not demonstrate a particularized risk of torture. *See Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (per curiam) ("[T]he petitioner must demonstrate that he would be subject to a '*particularized threat* of torture . . . .'") (quoting *Lanza*, 389 F.3d at 936).

3.     Garcia-Bustamante also claims that the IJ violated her due process rights by failing to act as a neutral fact-finder. Because Garcia-Bustamante did not raise this argument before the BIA, she failed to exhaust it. *See Amaya v. Garland*, 15 F.4th 976, 986 (9th Cir. 2021). We therefore may not consider it. *See* 8 U.S.C. § 1252(d)(1); *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023), *as amended*. Regardless, there is no indication that the IJ failed to act neutrally in considering Garcia-Bustamante's claims.

**PETITION DENIED.**